SMITH ELLISON *vs.* DANIEL P. FOX.

June 5, 1888.

**Appeal—Assignments of Error.**—An assignment of error that the court erred in finding certain facts raises only the question of the sufficiency of the evidence to support the findings, and not of alleged error in admitting incompetent evidence to prove these facts.

**Equity—Reformation—Mistake.**—Evidence *held* sufficient to support the findings.

Appeal by plaintiff from an order of the district court for Chisago county, *Crosby*, J., presiding, refusing a new trial.

*H. N. Setzer*, for appellant.

*C. P. Gregory*, for respondent.

MITCHELL, J.   An assignment of error that the court erred in finding certain facts is not sufficient to raise the question of alleged error in admitting incompetent evidence to prove these facts.   The only question which such an assignment raises is the sufficiency of the evidence to support the findings; and in determining this we cannot assume to separate the competent from the incompetent evidence, but must consider all of it as being in the case without objection, no error being here assigned in its admission.

In this condition of the case, there is no doubt that there is evidence sufficient to justify the findings of fact referred to.   The plaintiff's third assignment is that the court erred in finding that no error was committed in reducing to writing the agreement between the parties, and that the terms thereof were fully understood by them.   The gist of this finding, of course, is that there was no such mistake as entitled the plaintiff to have the instrument reformed, which is the relief he asks for.   The substance of plaintiff's own testimony is that he stated what they wanted to a scrivener, who reduced it to writing, and then read it over to him; that he knew before he executed it that the instrument contained the clause to which he now objects as not in accordance with the actual agreement, and called the scrivener's attention to it, but that he did not understand it.   The defendant testi-

fies that the instrument as written embodies their agreement exactly as it was, and that he never would have signed it had it not contained the clause now objected to by plaintiff. Argument can hardly be necessary to show that such a state of facts presents no case for the reformation of an instrument on the ground of mistake.

Order affirmed.